JUDGE HELLERSTEIN

# 13 CIV 1157

Roger J. Bernstein (RB 9501)
*Attorney for Plaintiff*
535 Fifth Avenue, 35th Floor
New York, New York 10017
(212) 748-4800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GUILLERMO MURILLO,          :

             Plaintiff,          :   Civ. No.

  -against-          :

RANDY BURGESS and          :
NYPD OFFICER JOHN DOE,

             :   COMPLAINT

             Defendants.   :   JURY TRIAL DEMANDED

             :
-----------------------------------------------------------X



Plaintiff Guillermo Murillo ("Murillo"), by his undersigned attorney, for his complaint in this action alleges as follows:

1. This is a civil rights action concerning serious physical injury suffered by plaintiff on July 3, 2010 at the hands of New York City Police Department officers Randy Burgess ("Burgess") and John Doe ("Doe") (an officer whose identity has been concealed by defendant Burgess). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts complained of took place in the Southern District of New York.

## Parties

4. Plaintiff is a resident of Lynbrook, New York and a citizen of the United States. Plaintiff is an Hispanic male.

5. At the time of the events which are the subject of this lawsuit, defendant Randy Burgess was a New York City Police Department patrolman, Shield No. 01227.

6. At the time of the events which are the subject of this lawsuit defendant John Doe was a New York City Police Department ("NYPD") patrol officer. The NYPD has concealed defendant Doe's identity from plaintiff. Despite a promise made by defendant Burgess at the time of Murillo's arrest to reveal Doe's identity, and despite the Law Department's subsequent receipt of the required authorization form for disclosure of the sealed police department file, the NYPD has not provided this information.

## Factual Allegations

7. All of the acts complained of herein took place in the course of defendants' performance of their duties as New York City police officers.

8. On July 2, 2010, plaintiff was a passenger in a limousine traveling from Long Island to Manhattan for a birthday party. A fight took place in the limousine between other passengers. Plaintiff did not participate in the fight. The limousine

stopped on Amsterdam Avenue and 112th Street in Manhattan.

9. The responding police officers initially told Murillo to walk away, but then decided to take him into custody. Defendants Burgess and John Doe handcuffed Murillo with his hands behind his back and placed him in a New York City Police Department vehicle. At no time did Murillo resist the arresting officers as they handcuffed him and placed him in their vehicle.

10. Defendants Burgess and Doe drove the NYPD vehicle to the station house for the 26th police precinct located at 520 W. 126th Street in Manhattan. Murillo was handcuffed and did not threaten any physical resistance or otherwise present a danger to the arresting officers.

11. Upon arriving at the station house defendants Burgess and Doe pulled Murillo out of the police vehicle, threw him to the ground, and maliciously kicked him in the bridge of his nose. Defendants caused Murillo to sustain serious injury to his forehead and to his nose. The ground impact caused a forehead abrasion which covered Murillo with blood. The defendants' kick to the bridge of Murillo's nose resulted in a fracture which immediately caused him to incur severe pain and suffering as well as in a visible swelling.

12. After defendants Burgess and Doe threw Murillo to the ground and kicked him, and despite the serious nature of Murillo's injuries, defendants deliberately disregarded Murillo's serious medical injuries and failed to transport Murillo to a hospital or emergency room for treatment of his broken nose.

13. At the precinct Murillo was charged with resisting arrest, obstruction of governmental administration, and attempted criminal mischief.

14. The following day Murillo was released on bail. He was able to go to South Nassau Community Hospital where doctors examined him and determined that his nose had been fractured. There was a visible deformity from the fracture which remains observable to this day. Murillo cannot afford the necessary surgery to repair it.

15. The flimsy charges filed against plaintiff were subsequently dismissed by the District Attorney.

16. Murillo subsequently returned to the 26th precinct station house and requested from defendant Burgess the name and shield number of the other police officer, *i.e.*, defendant Doe, who had transported Murillo from the place of arrest to the station house with defendant Burgess on July 3, 2010. Defendant Burgess refused to provide this information.

## FIRST CAUSE OF ACTION

17. Paragraphs one through sixteen above are incorporated herein and re-alleged as if set forth in full at this point.

18. All of the aforementioned acts of defendants Burgess and Doe were carried out under color of state law.

19. All of the aforementioned acts of defendants Burgess and Doe subjected Murillo to, and caused Murillo to be subjected to, a deprivation of his constitutional right under the Fourth and Fourteenth Amendments, U.S. Const. not to be subject to

excessive force.

20. All of the aforementioned acts of defendants Burgess and Doe subjected Murillo to, and caused Murillo to be subjected to, a deprivation of his constitutional right under the Eighth and Fourteenth Amendments, U.S. Const. to medical care when seriously injured while in police custody.

21. As a direct and proximate result of defendants' conduct as aforesaid, plaintiff Murillo suffered serious and long-lasting physical injury and sustained pain and suffering.

WHEREFORE, plaintiff Guillermo Murillo demands judgment as follows:

(a) an award of damages sufficient to compensate him for the personal injury and pain and suffering he has sustained by reason of defendants' unlawful actions;

(d) an award of costs and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988, together with pre-judgment interest on the amounts awarded to plaintiff and such other relief as the Court may determine is just and proper.

Dated: New York, New York
February 19, 2013

*[signature]*

ROGER J. BERNSTEIN
*Attorney for Plaintiff*
535 Fifth Avenue, 35th Floor
New York, New York 10017
Telephone: 212 748-4800
rbernstein@rjblaw.com