Roger J. Bernstein (RB 9501)
*Attorney for Plaintiff*
535 Fifth Avenue, 35th Floor
New York, New York 10017
(212) 748-4800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GUILLERMO MURILLO,                              :

                         Plaintiff,            :          13 CIV 1157 (AKH) - ECF Case

    -against-                                   :

EDWARD LEGROW,                                  :          <u>AMENDED COMPLAINT</u>
DANIEL CALDERON,
RONNIE MORALES, and                             :
RANDY BURGESS,

                                    :          JURY TRIAL DEMANDED
                  Defendants.

                                    :
-------------------------------------------------------------X

       Plaintiff Guillermo Murillo ("Murillo"), by his undersigned attorney, for his

amended complaint in this action alleges as follows:

       1.      This is a civil rights action concerning serious physical injury suffered by

plaintiff on July 3, 2010 at the hands of New York City Police Department officers

Edward LeGrow, Daniel Calderon, Ronnie Morales, and Randy Burgess.  Plaintiff

brings this action pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth

Amendments to the United States Constitution.

<u>Jurisdiction and Venue</u>

       2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1343.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts complained of took place in the Southern District of New York.

<u>Parties</u>

4.      Plaintiff is a resident of Lynbrook, New York and a citizen of the United States.  Plaintiff is an Hispanic male.

5.      At the time of the events which are the subject of this lawsuit, defendant Edward Legrow ("Legrow") was a New York City Police Department patrolman.

6.      At the time of the events which are the subject of this lawsuit, defendant Daniel Calderon ("Calderon") was a New York City Police Department patrolman.

7.      At the time of the events which are the subject of this lawsuit, defendant Ronnie Morales, Shield No. 18223 ("Morales"), was a New York City Police Department patrolman.

8.      At the time of the events which are the subject of this lawsuit, defendant Randy Burgess, Shield No. 01227 ("Burgess"), was a New York City Police Department patrolman.

<u>Factual Allegations</u>

9.      All of the acts complained of herein took place in the course of defendants' performance of their duties as New York City police officers.

10.      On July 2, 2010, plaintiff was a passenger in a limousine traveling from Long Island to Manhattan for a birthday party.  A fight took place in the limousine between other passengers.  Plaintiff did not participate in the fight.  The limousine stopped on Amsterdam Avenue and 112th Street in Manhattan.

2

11.     NYPD police officers responded and took others into custody.  They initially told Murillo to walk away, but then decided to take him into custody as well. Defendants Legrow, Calderon, Morales and/or Burgess handcuffed Murillo with his hands behind his back and placed him in a New York City Police Department patrol vehicle.  At no time did Murillo resist the arresting officers as they handcuffed him and placed him in the NYPD patrol vehicle.

12.     Defendants Legrow and Calderon drove the NYPD patrol vehicle to the station house for the 26th police precinct located at 520 W. 126th Street in Manhattan. Murillo remained handcuffed and did not threaten any physical resistance or otherwise present a danger to any of the defendants or their colleagues.

13.     Upon arriving at the station house defendants pulled Murillo out of the police vehicle and threw him to the ground, and one of the defendants maliciously kicked Murillo in the bridge of his nose.  Defendants caused Murillo to sustain serious injury to his forehead and to his nose.  The ground impact caused a forehead abrasion which covered Murillo with blood.  The kick to the bridge of Murillo's nose resulted in a fracture which immediately caused him to incur severe pain and suffering and resulted in a visible swelling.

14.     After Murillo was thrown to the ground and kicked in the nose, and despite the serious nature of Murillo's injuries, defendants Legrow, Calderon, Morales and Burgess deliberately disregarded Murillo's serious medical injuries and failed to transport Murillo to a hospital or emergency room for treatment of his broken nose.

15.     At the precinct Murillo was charged with resisting arrest, obstruction of

3

governmental administration, and attempted criminal mischief.

16.    At the precinct defendant Burgess refused Murillo's request for the names
of the police officers who had transported him to the precinct and kicked him.

17.    After spending the night and much of the following day in NYPD custody
with a broken nose, Murillo was released on bail and without any treatment for his
broken nose.  He was able to go to  South Nassau Community Hospital where doctors
examined him and determined that his nose had been fractured.  There was a visible
deformity from the fracture which remains observable to this day.  Murillo cannot
afford the necessary surgery to repair it.

18.    The flimsy charges filed against plaintiff were subsequently dismissed by
the District Attorney.

19.    Murillo subsequently returned to the 26th precinct station house to retrieve
his property and requested from defendant Burgess the name and shield number of the
police officers who had transported Murillo from the place of arrest to the station house
on July 3, 2010.  Defendant Burgess refused to provide this information.

<u>FIRST CAUSE OF ACTION</u>

20.    Paragraphs one through nineteen above are incorporated herein and re-
alleged as if set forth in full at this point.

21.    All of the aforementioned acts of defendants Legrow, Calderon, Morales
and Burgess were carried out under color of state law.

22.    The aforementioned acts of defendants Legrow, Calderon, Morales and
Burgess subjected Murillo to, and caused Murillo to be subjected to, a deprivation of his

4

constitutional right under the Fourth and Fourteenth Amendments, U.S. Const. not to be subject to excessive force.

23.    The aforementioned acts of defendants Legrow, Calderon, Morales and Burgess subjected Murillo to, and caused Murillo to be subjected to, a deprivation of his constitutional right under the Eighth and Fourteenth Amendments, U.S. Const. to medical care when seriously injured while in police custody.

24.    As a direct and proximate result of defendants' conduct as aforesaid, plaintiff Murillo suffered serious and long-lasting physical injury and sustained pain and suffering.

WHEREFORE, plaintiff Guillermo Murillo demands judgment as follows:

(a)    an award of damages sufficient to compensate him for the personal injury and pain and suffering he has sustained by reason of defendants' unlawful actions;

(d)    an award of costs and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988, together with pre-judgment interest on the amounts awarded to plaintiff and such other relief as the Court may determine is just and proper.

Dated: New York, New York
       April 15, 2013

ROGER J. BERNSTEIN
*Attorney for Plaintiff*
535 Fifth Avenue, 35th Floor
New York, New York 10017
Telephone: 212 748-4800
rbernstein@rjblaw.com

5